UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ELLIE BONEBRAKE,

   Plaintiff,

v.

UNITED STATES OF AMERICA;
and UNITED STATES POSTAL
SERVICE,

   Defendants.

C19-1639 RAJ

ORDER

THIS MATTER comes before the Court on a motion for summary judgment, docket no. 25, brought by defendants United States of America and the United States Postal Service (collectively, "United States"). Neither side requested oral argument. Having reviewed all papers filed in support of, and in opposition to, the motion, the Court enters the following order.

## Background

Plaintiff Ellie Bonebrake asserts a negligence claim against the United States in connection with her slip-and-fall while attempting to retrieve her mail. The underlying facts are undisputed. On January 8, 2017, which was a Sunday, plaintiff, who is currently 81 years old, see Bonebrake Dep. at 6:4–5, Ex. B to Mumford Decl. (docket no. 29-2),

ORDER - 1

went to the post office in Blaine, see Bonebrake Dep. at 27:2–4, Ex. C to Mumford Decl. (docket no. 29-3). While walking through the lobby toward her post office box, plaintiff slid on an accumulation of ice melt. See Bonebrake Dep. at 33:18–34:19, Ex. E to Mumford Decl. (docket no. 29-5).[1] As a result of her fall, plaintiff suffered a fracture of her patella, requiring surgery. Pla.'s Resp. at 3 (docket no. 28).

The United States moves for summary judgment on two grounds: (i) lack of subject matter jurisdiction because the Blaine Postmaster's decision to keep the lobby open on a 24-hour basis (and not clean or maintain it during non-business hours) was discretionary and therefore not conduct as to which sovereign immunity has been waived under the Federal Tort Claims Act ("FTCA"); and (ii) even if the Court has subject matter jurisdiction, plaintiff cannot prevail on a negligence theory because she cannot prove that Blaine postal employees had actual or constructive notice of the snow or ice melt upon which she slipped. The Court agrees with the first contention and therefore does not address the second argument.

**Discussion**

The Court treats the pending motion as being brought pursuant to Federal Rule of Civil Procedure 12(b)(1). The United States presents a facial, rather than a factual,

---

[1] According to plaintiff and her son, garbage was also strewn across the lobby floor. Bonebrake Dep. at 74:15–18, Ex. A to Mumford Decl. (docket no. 29-1); Schamel Decl. at ¶ 4 (docket no. 30). Plaintiff had previously complained to postal employees about the garbage issue, which apparently resulted from the absence of trash bins. See Bonebrake Dep. at 73:16–74:25, Ex. A to Mumford Decl. (docket no. 29-1). Plaintiff, however, made clear in her deposition that she did not slip on any garbage. Id. at 77:19–21.

ORDER - 2

jurisdictional challenge. A facial attack asserts that the allegations of the complaint are insufficient on their face to invoke federal jurisdiction, while a factual challenge disputes the truth of the allegations in the complaint that would otherwise support subject-matter jurisdiction. See Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004). With respect to a facial challenge under Rule 12(b)(1), a plaintiff is entitled to the same safeguards that apply to a Rule 12(b)(6) motion to dismiss for failure to state a claim. See Leite v. Crane Co., 749 F.3d 1117, 1121 (9th Cir. 2014). The factual allegations of the complaint are presumed to be true, and the pleading is construed in the light most favorable to the non-moving party. See Does v. Univ. of Wash., No. C16-1212, 2016 WL 5792693, at *3–4 (W.D. Wash. Oct. 4, 2016).

The waiver of sovereign immunity set forth in the FTCA does not extend to any claim "based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused." 28 U.S.C. § 2680(a). This FTCA exception "covers only acts that are discretionary in nature," involving "an element of judgment or choice." United States v. Gaubert, 499 U.S. 315, 322 (1991). The appropriate inquiry concerns the nature of the conduct, not the status of the actor. Id. Gaubert has been understood as establishing a two-part test: the first prong asks whether the federal agency's or employee's behavior was discretionary in nature, and if so, the second prong evaluates whether the exercise of discretion was inherently grounded in social, economic, or political policy considerations. See, e.g., Hogan v. U.S. Postmaster Gen., 492 F. App'x 33, 34 (11th Cir. 2012); see also Gaubert, 499 U.S. at 323.

ORDER - 3

The parties here do not disagree concerning the applicable standard. Rather, they battle over how to define the conduct at issue. The United States contends that the action being challenged by plaintiff is the Postmaster's discretionary decision to keep the lobby area of the Blaine post office open to the public during hours when the retail area is closed and postal employees are not present. Plaintiff counters that the injury-causing behavior was failing to keep the lobby clean and free of slipping hazards, as opposed to merely allowing access to post office boxes on a 24-hour basis.

The Eleventh Circuit has expressly rejected plaintiff's "narrow" view. See Hogan, 492 F. App'x at 35. The Hogan Court reasoned that, because U.S. Postal Service Maintenance Handbook MS-10 contains no indication that it applies "after business hours," the existence or nonexistence of after-hours cleanup procedures is a product of a local postmaster's discretion, which may be exercised pursuant to the Postal Operations Manual ("POM"). Id. at 35–36. The relevant provision of the POM currently reads:

> At the postmaster's discretion, lobbies may remain open 24 hours a day to allow customers access to PO Boxes and self-service equipment, provided that customer safety and security provisions are deemed adequate by the Inspection Service.

POM § 126.43, Ex. C to Waldrop Decl. (docket no. 26-3).

The Sixth Circuit has provided a similar analysis, albeit in an unpublished opinion. Bell v. United States, Nos. 99-5563 & 99-5655, 2000 WL 1720932 (6th Cir. Nov. 6, 2000). In Bell, the plaintiff slipped on the wet floor of a post office lobby when the service window was closed. Id. at *1. The Bell Court held that the conduct at issue was not the failure to rope off or place signs around the wet areas, install rubber or all-weather

ORDER - 4

mats, or mop the floor, as the plaintiff alleged, but rather was the postmaster's decision concerning the circumstances under which to allow the lobby area to remain open to the public at times when the service windows were closed. Id. at *3–4. The Sixth Circuit observed that the determination of whether, for purposes of keeping a lobby continually open, customer safety and security provisions are adequate "falls squarely within the postmaster's discretionary judgment." Id. at *4.

With one exception, district courts have generally reached the same conclusion. Ferguson v. United States, No. 19-340, 2021 WL 3288359, at *4 (D. Md. Aug. 2, 2021); Cronin v. United States, No. 2:18-cv-573, 2020 WL 5040597, at *4–6 (E.D.N.Y. Aug. 26, 2020) (citing Krey v. Brennan, No. 15-3800, 2017 WL 2797491 (D. Md. June 28, 2017), aff'd sub nom. Krey v. United States, 734 F. App'x 203 (4th Cir. 2018)); Williams v. United States, No. 1:18CV21, 2018 WL 5077652, at *3 (W.D. Va. Oct. 18, 2018); Stephenson v. United States, No. 1:16-11979, 2017 WL 5760451, at *4 (S.D. W. Va. Nov. 28, 2017). In these decisions, the district courts also found that a postmaster's determination concerning 24-hour access to post office boxes and self-service equipment involves the types of policy considerations envisioned in the FTCA's discretionary function exemption. In opting to keep a lobby area perpetually open, a postmaster must balance the convenience of the public, the safety of federal property, and budgetary constraints on snow or ice removal efforts, as well as on staffing during times when the post office experiences minimal customer traffic. See Williams, 2018 WL 5077652, at *3; see also Ferguson, 2021 WL 3288359, at *4 (observing that, in deciding whether to keep a post office lobby open after hours, the Postal Service must consider the

ORDER - 5

1  costs to the government and the benefit to the community); Cronin, 2020 WL 5040597, at
2  *5; Stephenson, 2017 WL 5760451, at *5. Thus, the conduct at issue in this matter is
3  outside the boundaries of the FTCA's waiver of sovereign immunity and beyond the
4  scope of the Court's subject matter jurisdiction.

5  The District of Montana has reached a different result. Fikani v. United States,
6  No. CV 19-64, 2021 WL 2000298 (D. Mont. May 19, 2021). In Fikani, the plaintiff
7  slipped and fell in a puddle of water on the lobby floor of a post office in Belgrade,
8  Montana. Id. at *1. The Fikani Court reasoned that, although the Belgrade Postmaster
9  had discretion to allow the lobby to remain open 24-hours-a-day, such decision carried
10 with it a duty, outlined in the Supervisor's Safety Handbook, to "always maintain a dry
11 area for pedestrian traffic." Id. at *2 (quoting Handbook EL-801, Supervisor's Safety
12 Handbook, § 8-7.3). The Fikani Court further concluded that, even if the decision of
13 whether or not to maintain a dry area for pedestrians was discretionary, it was not
14 grounded in social, economic, and political policy. Id. Although this reasoning has some
15 emotional appeal, it is fundamentally flawed because it essentially requires a postmaster
16 to staff a post office lobby during evenings, weekends, and holidays in order to provide
17 after-hours access. This result is incompatible with the discretion accorded by POM
18 § 126.43 to keep lobbies perpetually open, and it demonstrates that the analysis in Fikani
19 constitutes the kind of "judicial 'second-guessing'" that the discretionary function
20 exemption was designed to prevent, see Gaubert, 499 U.S. at 323. Fikani appears to be
21 an outlier, as opposed to a trendsetter, and the Court declines to adopt its analysis.
22
23

ORDER - 6

**Conclusion**

For the foregoing reasons, the Court ORDERS:

(1) The motion, docket no. 25, brought by the United States is treated as a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1), and it is GRANTED. Plaintiff's complaint and this case are DISMISSED for lack of subject matter jurisdiction.

(2) Plaintiff's motion for a continuance pursuant to Federal Rule of Civil Procedure 56(d), docket no. 28, and plaintiff's motion for an extension of the discovery deadline, docket no. 21, are STRICKEN as moot.

(3) Plaintiff's counsel submitted an excerpt of the transcript of plaintiff's deposition in which her entire date of birth was provided. The Clerk is DIRECTED to SEAL this excerpt, Exhibit B to the Declaration of Tom Mumford, docket no. 29-2. See LCR 5.2(a)(1).

(4) The Clerk is further DIRECTED to CLOSE this case and to send a copy of this Order to all counsel of record.

IT IS SO ORDERED.

Dated this 18th day of October, 2021.

Richard A. Jones
United States District Judge

ORDER - 7